IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JEFFREY B. SHORT,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )          CIVIL ACTION NO. 1:04-0878
                                           )
JO ANNE B. BARNHART,                       )
Commissioner of Social Security,           )
                                           )
            Defendant.                     )

FILED

AUG – 8 2005

TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security

denying the Claimant's application for Supplemental Security Income (SSI) under Title XVI of the

Social Security Act, 42 U.S.C. §§ 1381-1383f.  This case was referred to the undersigned United

States Magistrate Judge by Standing Order to consider the pleadings and evidence, and to submit

Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. §

636(b)(1)(B). Presently under consideration of the Court are the parties' Cross-Motions for Judgment

on the Pleadings.

The Plaintiff, Jeffrey B. Short (hereinafter referred to as "Claimant"), filed an application for

SSI on June 25, 1999, alleging disability as of January 13, 1998, due to back, knee, joint pain, high

blood pressure, and anxiety/depression. (Tr. at 89-94, 53, 59.)  The claim was denied initially and

upon reconsideration. (Tr. at 53-57, 59-61.) Claimant requested a hearing before an Administrative

Law Judge (ALJ), and a hearing  was held on November 9, 2000, before the Honorable Richard

Swartz. (Tr. at 62, 500-39.) The ALJ issued a decision denying benefits on March 27, 2001, but the

Appeals Council granted the Claimant's request for review on January 16, 2002 and remanded the

case for further consideration and resolution of certain issues. (Tr. at 71-73.) A second hearing was held on October 9, 2002. (Tr. at 540-63.) By decision dated November 14, 2002, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 17-30.) The ALJ's Decision became the final decision of the Commissioner on June 21, 2004, when the Appeals Council denied Claimant's request for review. (Tr. at 9-11.) On August 16, 2004, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 1382c(a)(3)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2004). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. § 416.920©). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. § 416.920(c). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the

2

Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2004). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date. (Tr. at 21.) Under the second inquiry, the ALJ found that Claimant suffered from alcoholism, mild chronic obstructive pulmonary disease (COPD), and was status post right hip replacement, impairments that are severe within the meaning of the Regulations. (Tr. at 24.) At the third inquiry, the ALJ concluded that none of Claimant's impairments met or equaled the level of severity of any listing in Appendix 1, Subpart P, Part 4 of the Regulations. (Tr. at 24.) The ALJ then found that Claimant has the residual functional capacity to perform light work with a sit/stand option. (Tr. at 27-28.) The ALJ then determined that Claimant could not return to his past relevant work. (Tr. at 28.) Nevertheless, the ALJ determined, based upon Vocational Expert testimony, that Claimant could perform jobs such as security patroller, bench assembler, and counter clerk or cashier, all of which existed in significant numbers in the regional and national economies. (Tr. at 28.) On this basis, benefits were denied. (Tr. at 28-30.)

Scope of Review

The sole issue before this Court is whether the final decision of the Commissioner denying

3

the claim is supported by substantial evidence. In <u>Blalock v. Richardson</u>, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

<u>Blalock v. Richardson</u>, 483 F.2d 773, 776 (4th Cir. 1972) (quoting <u>Laws v. Celebrezze</u>, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." <u>Oppenheim v. Finch</u>, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals that the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was born on May 11, 1958, and was 44 years old at the time of the 2002 administrative hearing. (Tr. at 93, 543.) Claimant has a high school education plus some college. Tr. at 125.) In the past, he worked as a painter, a furniture mover, and a short order cook. (Tr. at 137, 21.)

The Medical Record

The Court has reviewed the medical evidence of record, and will discuss it below as necessary.

4

Claimant's Challenge to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because (1) the ALJ erred in evaluating the opinion of Dr. Zahir; (2) the ALJ erred in finding Claimant's knee impairment not severe; and (3) evidence submitted while the case was pending before the Appeals Council was new and material and required a remand to the ALJ for its consideration. Claimant also asserts that the Appeals Council's treatment of the new evidence was inappropriate. The Commissioner asserts that these arguments are without merit. Because the Court finds that Claimant's argument regarding the evidence before the Appeals Council is dispositive of the case, this is the only argument addressed.

## ANALYSIS

Consideration of "New and Material" Evidence

Claimant submitted additional mental health records from Tim Brooks, M.A., licensed psychologist, as his request for review was pending before the Appeals Council. (Tr. at 493-98.) Mr. Brooks evaluated Claimant on August 4, 2003. The record shows that this evidence was submitted to the Appeals Council and was made a part of the record that is currently before the Court. (Tr. at 9-12.) The attached Order of the Appeals Council identifies the evidence as "part of the record." (Tr. at 12.) The Appeals Council's June 21, 2004, decision concluded that there was no basis for granting Claimant's request for review of the ALJ's decision. (Tr. at 9-11.) In the Appeals Council decision, the Appeals Officer states that "we considered the additional evidence listed on the enclosed Order of Appeals Council[,] [and] found that this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. at 9-10.) The Commissioner asserts that the evidence was not new or material.

5

Considering evidence which Claimant submitted to the Appeals Council and the Appeals Council included in the record, the Fourth Circuit concluded in Wilkins v. Secretary, Dept. of Health and Human Serv., 953 F.2d 93, 96 (4th Cir. 1991)(en banc), that Courts reviewing decisions of the Social Security Administration must consider "the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." Thus, reviewing Courts must consider new evidence which the claimant submits while the decision of the Appeals Council is pending even when the Appeals Council denies the claimant's request for review. See also Adkins v. Barnhart, 2003 WL 21105103, * 5 (S.D.W.Va.)(Stanley, M.J.).

In deciding whether to grant review, the Appeals Council "must consider evidence submitted with the request for review . . . 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" Wilkins, 953 F.2d at 95-96 (citations omitted). Evidence is "new" if it is not duplicative or cumulative. See id. at 96. "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id. Additionally, when the Appeals Council considers evidence, it must provide the reviewing Court with the basis for its decision to reject such evidence. See Toney v. Barnhart, Civil Action No. 5:02-0489, Order, Doc. No. 19 (S.D.W. Va. September 26, 2003) and Order, Doc. No. 26 (December 19, 2003)(Chambers, D.J.); Thomas v. Comm'r of Social Security, 24 Fed.Appx. 158, 161, 2001 WL 1602103, * 2-4 (4th Cir. 2001) (unpublished) (per curiam); Jordan v. Califano, 582 F.2d 1333, 1335 (4th Cir. 1978) ("A bald conclusion, unsupported by reasoning or evidence, is generally of no use to a reviewing court, except in the very rare instance when a case is so one-sided as to be obvious."); Hawker v. Barnhart, 235 F.Supp.2d 445, 450 (D. Md. 2002). "Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the Secretary's

6

decision is supported by substantial evidence." Wilkins, 953 F.2d at 96.

The Regulations governing the circumstances under which the Appeals Council is to review an ALJ decision indicate that additional evidence will not be considered *unless* the evidence is new and material and relates to the period on or before the date of the ALJ decision. See 20 C.F.R. § 404.970(b) (2004), Hawker v. Barnhart, 235 F.Supp.2d at 445-46. Thus, in the instant case, the additional evidence was considered by the Appeals Council and made a part of the record. The Appeals Council must therefore have regarded the evidence new and material; yet, the Appeals Council did not explain how the evidence was evaluated and weighed. For the Court to engage "in an examination of each of the records and then to determine whether they are credible and entitled to any weight would be to engage in the very task that this Court cannot do:  fact-finding." Hawker, 235 F.Supp.2d at 448 (citing DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983)("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator.").

The United States District Court for the District of Maryland recently explained the dilemma in which reviewing courts are placed when the Appeals Council fails to explain its assessment of new and material evidence.   In Scott ex rel. Scott v. Barnhart, 332 F.Supp.2d 869 (D. Md. 2004), the Court stated as follows:

> Under the regulations, this Court does not have the jurisdiction to review the actions of the Appeals Council, because the denial of review made the ALJ's decision final. 20 C.F.R. § 404.981; *Wilkins*, 953 F.2d at 96. Therefore, this Court may review only the ALJ's decision to deny plaintiff's request for benefits.  However, that review must include the new and material evidence that the Appeals Council incorporated into the administrative record. *Wilkins*, 953 F.2d at 96. Thus, this Court faces the task of reviewing a record that contains evidence not seen, and therefore not evaluated, by the ALJ.

Scott, 332 F.Supp.2d at 877.

The Scott Court noted the difference of opinion among the Courts as to whether the Appeals Council must articulate its assessment of new evidence.[1] Id. (citing cases). However, the Scott Court decided to follow the courts (including the 2002 Hawker decision) that have found that an explanation from the Appeals Council is necessary for a reviewing court to properly perform its function. Id. at 878 (citing cases). The Court noted that to affirm the ALJ decision without an explanation from the Appeals Council regarding new evidence, the Court would have to weigh and evaluate the additional medical evidence, which the Fourth Circuit has held is an improper function for a reviewing court. See id. (citing Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

In the instant case, there is no indication that the Appeals Council properly considered the evidence which Claimant submitted while his request for review was pending. The Appeals Council's failure to adequately explain its reasons for rejecting Claimant's evidence provides grounds for remand. "Requiring the Appeals Council to explain its handling of evidence is neither a novel concept nor a burdensome obligation." Hawker, 235 F.Supp.2d 445, 450 (D. Md. 2002). The Appeals Council clearly failed to explain specifically how or why the evidence did not provide a basis for changing the ALJ's decision.

---

[1] See, e.g., Carter v. Apfel, 2001 WL 40795 (S.D.W. Va. January 17, 2001) (Feinberg, M.J.). In Carter, the Court declined to remand the case based upon new evidence submitted to the Appeals Council. Carter, 2001 WL 40795, *12. The Court cited case law, including Hollar v. Commissioner of Social Sec. Admin., 194 F.3d 1304 (4th Cir. 1999), noting in dicta that the Fourth Circuit had rejected the notion that the Appeals Council must articulate its assessment of additional evidence. Id. The undersigned notes, however, that in Carter, the Appeals Council specifically determined that the new evidence submitted was not material to the time period under consideration by the ALJ and returned the evidence to the claimant for submission of a new disability claim. Id. at 11-12.

8

In an unpublished *per curiam* decision, the Fourth Circuit reached the same conclusion on this issue. In Thomas v. Comm'r of Social Security, 24 Fed.Appx. 158, 2001 WL 1602103 (4th Cir. 2001), the Appeals Council, using nearly the same language as appears in the instant Appeals Council decision, denied the claimant's request for review after considering newly submitted evidence. Thomas, 24 Fed.Appx. at 160-61. Calling the Appeals Council's explanation "ambiguous," the Court remanded the case for further development of the record. Id. at 162-63. Accordingly, because the Appeals Council did not provide any specific explanation for its conclusion that the evidence which Claimant submitted while his request for review was pending would not change the ALJ's decision and indeed the evidence is clearly new and material, the Court finds that the Appeals Council's decision is ambiguous, the Commissioner's decision is not supported by substantial evidence and this case must be remanded to the Commissioner for referral to the ALJ for reconsideration of the entire record and a full sequential analysis of all of the evidence of record including the evidence submitted while the case was pending before the Appeals Council.

The undersigned notes that the evidence submitted while the Claimant's request was pending before the Appeals Council included a diagnosis of depression, an indication of severe depressive symptoms, and a finding that Claimant's concentration was impaired. (Tr. at 497.) The ALJ determined that Claimant's mental impairments caused no functional limitations and that they were "closely related to and intertwined with alcohol abuse and are not problematic when claimant is abstinent from such abuse." (Tr. at 24.) Mr. Brooks noted that Claimant was not intoxicated during his mental evaluation, although he reported having a drink the night before. (Tr. at 495.) Mr. Brooks further found that Claimant had approximately 27 years of sequential traumatic events and failed to find effective assistance with developing coping methods. (Tr. at 497.) Mr. Brooks opined that this

9

led to a long history of instability and "ineffective coping strategies," which he found to be primarily the use of alcohol and other illegal substances. (Tr. at 497.) This is evidence, the undersigned finds, which might have affected the ALJ's decision at some level of the sequential analysis. Accordingly, this case should be remanded to the Commissioner for referral to an ALJ for consideration of the entire record, including the document submitted while the case was pending before the Appeals Council.

For the reasons set forth above, it is hereby respectfully **RECOMMENDED** that the District Court **GRANT** the Plaintiff's Motion for Judgment on the Pleadings insofar as it requests remand and otherwise **DENY** the motion; **DENY** Defendant's Motion for Judgment on the Pleadings; **REVERSE** the final decision of the Commissioner; **REMAND** this case to the Commissioner with directions to refer this case to an ALJ for consideration of the entire record, including the document submitted while the case was pending before the Appeals Council; and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

Date: August 8, 2005.

R. Clarke VanDervort
United States Magistrate Judge