```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

JEFFREY B. SHORT,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:04-0878

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

### I. Introduction

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendations on August 8, 2005, recommending that the court grant the plaintiff's motion for judgment on the pleadings insofar as it requests remand and otherwise deny the motion, deny the defendant's motion for judgment on the pleadings, reverse the final decision of the Commissioner, remand this case to the Commissioner with directions to refer this case to an ALJ for consideration of the entire record, including the document submitted while the case was submitted before the Appeals Council, and dismiss this matter from the Court's active docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the

parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation. The failure of any party to file such objections within the appropriate time frame constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). On August 19, 2005, the defendant filed objections to the magistrate judge's Proposed Findings and Recommendation. With respect to those objections, the court has conducted a de novo review of the record.

## II. Standard of Review

When reviewing the decision of the Administrative Law Judge ("ALJ"), the sole issue before the court is whether the final decision of the ALJ is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence has been defined by the Court of Appeals for the Fourth Circuit as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. at 776 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir, 1966)). In addition, the court must determine whether the ALJ's legal conclusions are correct. Hays v. Sullivan, 907 F.3d 1453, 1456 (4th Cir. 1990). If the ALJ's decision is supported by substantial evidence, then

the court must accept and affirm that decision.  Walker v. Harris, 642 F.2d 712, 714 (4th Cir. 1981).

### III. Analysis

The Fourth Circuit has articulated a sequential evaluation process by which the merit of social security claims is assessed:

> Under the process the ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether that impairment meets or equals the medical criteria of Appendix 1 which warrants a finding of disability without considering vocational factors; and (4) if not, whether the impairment prevents him from performing his past relevant work.  By satisfying either step 3 or 4, the claimant establishes a prima facie case of disability.  The burden then shifts to the Secretary and leads to the fifth and final inquiry in the sequence: whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job.

Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981).  If an individual is found not to be disabled at any step, further inquiry is unnecessary.  Id. at 265.

By decision dated November 14, 2002, the ALJ determined that Short was not entitled to benefits.  Plaintiff requested review before the Appeals Council and while his request for review was pending, on January 12, 2004, he submitted a mental health evaluation from Tim Brooks, licensed psychologist.  Brooks evaluated plaintiff on August 4, 2003, approximately nine months after the ALJ issued his decision.  In denying plaintiff's

request for review, the Appeals Council stated that "we considered the additional evidence listed on the enclosed Order of Appeals Council [and] found that this information does not provide a basis for changing the Administrative Law Judge's decision."  Tr. at 9-10.

Defendant objects to Magistrate Judge VanDervort's conclusion that the case should be remanded because the Appeals Council did not provide any specific explanation for its treatment of the Brooks report.  In support of its argument, defendant refers the court to recent efforts to amend the applicable regulations to close the disability record once the ALJ's decision is rendered.  To that end, the Commissioner has published a Notice of Proposed Rulemaking which would implement these changes.  Defendant contends that these changes should prohibit consideration of Brooks' report.

Defendant is correct that the new regulations would moot the dispute over the Appeals Council's treatment of Brooks' report because, were they in effect, that report would not be included in the record.  However, the new proposed regulations have no bearing on this case because they are just that:  <u>proposed</u> regulations which are not yet in effect.

Defendant also argues that the court should review Brooks' report, along with the rest of the record, and find that the

4

decision of the ALJ is supported by substantial evidence. This course of action, however, places the court in a difficult spot. As ably explained by Magistrate Judge Urbanski in <u>Camper v. Barnhart</u>, 2005 WL 1995446, *4 (W.D. Va. Aug. 16, 2005):

> Because of the <u>Wilkins v. Secretary, Department of Health and Human Services</u>, 953 F.2d 93, 95 (4th Cir. 1991) decision, courts in the Fourth Circuit are required to "review the record as a whole, including the new evidence, in order to determine whether substantial evidence supports the Secretary's findings." <u>Wilkins</u>, 953 F.2d at 96. Given the mandate to review "any new and material evidence relating to the period prior to the ALJ decision," <u>Id.</u> at 95, the quandary which has perplexed courts is what [to] make of the boilerplate language employed by the Appeals Council in its routine denials of review that it "considered the additional evidence" and "found that this information does not provide a basis for changing the Administrative Law Judge's decision."
>
> In the words of one district court, this places courts in the perilous strait between the Scylla imposed by the requirement in <u>Wilkins</u> that the new evidence submitted after the ALJ's decision be reviewed along with the record as a whole, and the Charybdis which requires that the Commissioner, and not reviewing courts, determine the appropriate weight to be accorded such evidence.

<u>Id.</u> at *4. According to Magistrate Judge Urbanski:

> a court is to review the ALJ's decision "in the light of evidence which the ALJ never considered, and thus never evaluated or explained." While "this task is a difficult one," it is not sisyphean because it does not require the court to weigh the evidence, but rather merely to determine whether this additional evidence creates a "conflict," is "contradictory," or "calls into doubt any decision grounded in the prior medical reports." If so, the case must be remanded to the Commissioner to weigh and resolve the conflicting evidence. If not, then the case can be decided on the existing record without the necessity of remand.

5

Id. at *5.  In deciding whether remand is necessary, the court must decide whether the additional evidence is new, material, and relates to the time period prior to the ALJ decision.  Wilkins, 953 F.2d at 95.

It appears to the court that the evidence presented to the Appeals Council was new, material, and related to the applicable time period.  First, the court cannot find that the evidence is either duplicative or cumulative and, accordingly, it is new within the holding of Wilkins.  Second, the court finds that the evidence is material because there is a reasonable possibility that it might have changed the outcome.  And, finally, although Brooks' evaluation happened approximately nine months after the ALJ rendered his decision, the evaluation speaks to the period of time prior to the decision.

Having concluded that the evidence is new and material, the court concludes that this case should be remanded to the Commissioner for consideration of this new and material evidence.

For the reasons set forth above, the court **OVERRULES** in part and **SUSTAINS** in part defendant's objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  Accordingly, the court adopts the Proposed Findings and Recommendation in part and denies it in part and **ORDERS** as follows:

1. Plaintiff's motion for judgment on the pleadings is **GRANTED** insofar as he requests remand, in all other respects it is **DENIED**;
2. Defendant's motion for judgment on the pleadings is **DENIED**;
3. This case is **REMANDED** to the Commissioner pursuant to "sentence six" for consideration of the entire record, including the new evidence discussed in the Proposed Findings and Recommendation; and
4. This case is **DISMISSED** from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to Magistrate Judge VanDervort and to forward copies to counsel of record.

**IT IS SO ORDERED** this 26th day of September, 2005.

ENTER:

David A. Faber
Chief Judge